# DECISIONS

## OF THE

# COURT OF APPEALS OF KENTUCKY

## JANUARY TERM, 1910.

CASE 1.—ACTION BY THE COMMONWEALTH OF KENTUCKY
AGAINST A. H. HARGIS AND OTHERS ON A BAIL
BOND.—June 18, 1909.

## Commonwealth v. Hargis, &c.

Appeal from Clark Circuit Court.

J. M. BENTON, Circuit Judge.

Judgment for defendants, plaintiff appeals.—Affirmed.

Bail—Exoneration of Sureties—Effect of Pardon.—Under Const.,
section 77, declaring that the Governor shall have power to
remit fines and forfeitures, commute sentences, grant re-
prieves and pardons, except in case of impeachment
a full pardon for contempt, for which a judgment of
fine and imprisonment had been imposed, relieved the sure-
ties on the offender's bail bond from liability on their
covenant to surrender him in execution of the judgment
of imprisonment, or pay to the commonwealth $2 for each
day of the imprisonment adjudged.

JAMES BREATHITT, Attorney General, and TOM B. McGREG-
OR, Assistant Attorney General, for the Commonwealth.

J. J. C. BACH and HAZELRIGG & HAZELRIGG for appellees.

OPINION OF THE COURT BY COMMISSIONER CLAY—
Affirming.

On January 4, 1905, a rule was issued against Felix Feltner warning him to appear before the Clark circuit court and show cause, if any, why judgment should not be rendered against him for contempt of that court.  On June 1, 1905, a judgment was rendered in favor of the commonwealth against Felix Feltner, by which he was found guilty of contempt and his punishment fixed at a fine of $3,000 and two years' confinement in the Clark county jail.  From this judgment Feltner prosecuted an appeal to this court and executed a supersedeas bond with A. H. Hargis, B. F. French, and James H. Hargis as sureties.  By this bond they covenanted with the commonwealth that Felix Feltner would pay to it all costs and damages that should be adjudged against him on said appeal, and would pay said fine, costs, and all damages thereon, and also the costs of the appeal, and further that said Felix Feltner would surrender himself in execution of the judgment of imprisonment; but that, if he failed to do so, they would pay to the Commonwealth $2 per day for each day of imprisonment adjudged, if said judgment was affirmed by this court.  On March 19, 1907, this court issued a mandate upon said appeal affirming said judgment, and awarding and adjudging to the commonwealth 10 per cent. damages.  This is an action by the commonwealth to recover of A. H. Hargis and others, sureties on the bond aforesaid, the sum of $2 per day for each day of the sentence of imprisonment, on the ground that Felix Feltner failed and refused to surrender himself in execution of the judgment of imprisonment.  Appellees defended on the ground that on the 2d day of April, 1908, William H. Cox, then acting Governor of the commonwealth, issued to Felix Feltner a pardon re-

lieving him of the punishment of imprisonment and remitting the entire fine, with the exception of commissions, fees, and costs. Appellant's demurrer to this answer was overruled, and, it declining to plead further, a judgment was entered dismissing the petition, and from this judgment this appeal is prosecuted.

By section 77 of the Constitution, the Governor is given power to remit fines and forfeitures, commute sentences, grant reprieves and pardons, except in cases of impeachment. Under this section the Governor had full power and authority to remit so much of the fine as he did, and to pardon Felix Feltner so far as the jail sentence was concerned. When appellees undertook to pay the commonwealth $2 per day for each day of imprisonment, in case Felix Feltner failed to surrender himself in execution of the judgment of imprisonment, it was only with the understanding that the commonwealth had a right to demand that he surrender himself for the purpose of serving his term in jail. When the Governor acted, it was the act of the commonwealth, and he thereby relieved Feltner of the necessity of serving his jail sentence. The commonwealth can not, through its chief executive, pardon a man of an offense and, at the same time, demand that his sureties pay to it $2 for each day of his jail sentence, which he failed to serve only because of the pardon so granted to him. In other words, as Feltner was released from his liability to serve the jail sentence, appellees were released from their liability to pay money in lieu of the jail sentence. Therefore the pardon was a complete defense to the action.

Judgment affirmed.